**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**KIRAKOSIAN LAW, APC**
Gregory L. Kirakosian (SBN 294580)
greg@kirakosianlaw.com
11684 Ventura Boulevard, Suite 975
Studio City, CA 91604
Phone: (213) 986-5389
Fax: (213) 477-2355

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGITTA COVELLI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-03913-ODW-RAO<br><br>*Hon. Otis D. Wright*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:  N/A<br>Time:  N/A<br>Crtrm: N/A<br><br>**Complaint (with Demand for Jury Trial) Filed**: April 13, 2026<br>**Answer Filed**: May 22, 2026<br>**Trial (Proposed)**: September 14, 2027 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's May 26, 2026, Order Scheduling Meeting of Counsel and Notice of Intent to Issue Scheduling Order [Dkt. 13], the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendant City of Los Angeles. The early meeting of counsel took place via telephone on June 30, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, and Gregory Kirakosian of Kirakosian Law, APC, counsel for Plaintiff, and Jeremy Warren of the Los Angeles Office of the City Attorney, counsel for Defendant City of Los Angeles.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

(a)    **Statement of the Case**

<u>Plaintiff's Summary</u>: Plaintiff alleges that, on June 14, 2025, Plaintiff had left a peaceful public protest in downtown Los Angeles and was riding away from the protest area on a "one-wheel" device, multiple blocks away from the protest area. While riding along Broadway and crossing West 3rd Street, a line of LAPD officers that was standing along the western crosswalk along Broadway, blocking access to the western portion of West 3rd Street, began firing less-lethal projectile rounds at Plaintiff, striking Plaintiff in the arm and causing serious injury. Plaintiff had committed no crime, had not approached the officers who were across the street from her, had not taken any threatening action toward anyone, and had not been given any dispersal order or any audible warning or command. As officers continued firing, Plaintiff was then assisted away from the area and transported to a hospital.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the individual officer Defendants—whose identities are

currently unknown to Plaintiff—for excessive force, denial of medical care, and retaliation. Plaintiff also brings *Monell* claims against the City of Los Angeles for unconstitutional custom, practice, or policy, failure to train, and ratification. Plaintiff also brings claims under California law for battery, negligence, and violation of the Bane Act, Civ. Code § 52.1.

Defendant's Summary:

Defendant denies Plaintiff's claims and intends to prove that any actions were reasonable and justified.

**(b)    Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(c)    Legal Issues**

1. Whether the individual Defendants used excessive force against Plaintiff;

2. Whether the individual Defendants denied timely medical care to Plaintiff;

3. Whether the individual Defendants unlawfully retaliated against Plaintiff for her perceived protected speech and/or perceived participation in protected public assembly;

4. Whether the City of Los Angeles maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;

5. Whether the City of Los Angeles improperly failed to train its officers, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;

JOINT RULE 26(f) REPORT

    6. Whether one or more City of Los Angeles officials who possessed final policymaking authority ratified the individual Defendants' actions and the reasons for them;

    7. Whether the individual Defendants were negligent toward Plaintiff;

    8. Whether the individual Defendants violated the Bane Act;

    9. The nature and scope of Plaintiff's damages; and

    10. Whether Plaintiff is entitled to punitive damages.

**(d)**     **Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Bridgitta Covelli and Defendants City of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include the LAPD officials and personnel present at the scene of the incident, medical professionals who attended to Plaintiff, and any civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiff May Use*: The key documents will include LAPD records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendant May Use*: Same or similar to those listed above in Plaintiff's section.

**(e)**     **Damages**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for her individual damages for the excessive force and Plaintiff's pain and suffering and other noneconomic damages, and economic damages including loss of earnings, loss of earning capacity, and medical expenses. Plaintiff also seeks punitive and exemplary damages against the individual Defendants only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988,

JOINT RULE 26(f) REPORT

costs and interest incurred.

**(f)**   **Insurance**

The City is permissibly self-insured.

**(g)**   **Motions (Procedural)**

There are no pending motions. Following initial discovery, Plaintiff will file either a stipulation to name as defendants the individual officers who are believed to have liability in lieu of the current Doe Defendants, or a motion to amend if such stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Aside from this, Plaintiff does not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

Defendant will file a motion to bifurcate or trifurcate the trial.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial, but are unable to identify the specific subjects of such motions at this early stage.

**(h)**   **Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(i)**   **Status of Discovery**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties exchanged initial disclosures on July 14, 2026. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**(j)**   **Discovery Plan**

The parties have discussed the anticipated discovery and propose a Non-Expert Discovery Cut-Off of March 26, 2027.

Plaintiff anticipates serving written discovery regarding City records regarding the incident and taking the depositions of City personnel who were involved in the use of force against Plaintiff (whose identities are currently unknown to Plaintiff),

and of the City's person(s) most knowledgeable about policies and training on the use of less-lethal launcher weapons by police. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendant will take depositions of the Plaintiff and percipient witnesses and served written discovery in the form of written interrogatories, requests for admission, and requests for production of documents. Defendant will retain expert witnesses.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. However, Plaintiff requests that Defendant be required, when producing any video recordings relevant to Plaintiff's claims, to do so without a visually obstructive watermark overlaid on the video footage, which in counsel's experience is common for the City of Los Angeles.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more City personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

**(k)    Expert Discovery**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on April 16, 2027; Rebuttal Expert Disclosure on May 7, 2027; and Expert Discovery Cut-Off of May 28, 2027.

/ / /

**(l)   Dispositive Motions**

The parties have discussed potential motions and propose a deadline of July 5, 2027, to hear dispositive motions.

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant will file a motion for summary judgment.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

**(m)   Settlement Conference / Alternative Dispute Resolution (ADR)**

a.   *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b.   *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (Panel Mediation). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(n)   Trial**

a.   *Proposed Trial Date*

The parties propose a trial start date of September 14, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or more parties; and lead trial counsel's current trial calendars for early and mid-2027. The parties also propose a final pretrial conference date of August 30, 2027.

JOINT RULE 26(f) REPORT

b.    *Time Estimate*

The parties estimate the trial will take approximately three to five court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c.    *Jury or Court Trial*

The parties request a trial by jury.

**(o)    Trial Counsel**

Dale K. Galipo will be lead trial counsel for Plaintiff. Jeremy Warren will be lead counsel for Defendant City of Los Angeles.

**(p)    Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT RULE 26(f) REPORT

**(q)** **Other Issues**

The parties stipulate to electronic service of discovery.

The parties will seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: July 27, 2026

LAW OFFICES OF DALE K. GALIPO
KIRAKOSIAN LAW, APC

By   */s/ Benjamin S. Levine*
    DALE K. GALIPO
    BENJAMIN S. LEVINE[1]
    GREGORY L. KIRAKOSIAN
    *Attorneys for Plaintiff*

Dated: July 27, 2026

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By   */s/ Jeremy B. Warren*
    HYDEE FELDSTEIN SOTO
    DENISE C. MILLS
    KATHLEEN KENEALY
    CHRISTIAN R. BOJORQUEZ
    JEREMY B. WARREN
    *Attorneys for Defendant City of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JOINT RULE 26(f) REPORT